EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 04/11/2023 10:59:32 AM.
30-2023-01318756-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

**SHALCHI BURCH LLP**
ALI SHALCHI (SBN 239164)
AS@SHALCHIBURCHLLP.COM
TRAVIS J. BURCH (SBN 216175)
TB@SHALCHIBURCHLLP.COM
23 Corporate Plaza Dr., Ste. 150
Newport Beach, California 92660
Telephone: (949) 359-0334
Facsimile: (949) 326-0083

Attorneys for Plaintiff
Jasmine Ramirez

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| JASMINE RAMIREZ,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1 through 5, inclusive,<br><br>　　　　　　Defendants. | Case No.: 30-2023-01318756-CU-OE-CJC<br>Assigned to: **Assigned for All Purposes**<br>Dept:　　Judge David J. Hesseltine<br><br>**COMPLAINT**<br>　(1) **FEHA – SEX, GENDER AND PREGNANCY DISCRMINATION [GOV. CODE § 12940(a)];**<br>　(2) **FEHA – PREGNANCY DISCRIMINATION [GOV. CODE § 12945(a)(3)(A)-(C)]** |

　　　Plaintiff Jasmine Ramirez ("Plaintiff") alleges against Defendant Costco Wholesale Corporation ("Defendant" or "Costco"), and DOES 1 through 5 (collectively "Defendants"), and each of them as follows:

## JURISDICTION AND VENUE

　　　1.　This Court has personal jurisdiction over Defendants because at all relevant times, Defendants have done business in the State of California and have committed the alleged acts and omissions within the State of California.

2. Venue is proper in this Court because all acts and omissions giving rise to the claims herein occurred in Orange County, and Defendants are doing business in Orange County.

3. Ms. Ramirez obtained a right to sue letter for this action on March 31, 2023 from the Department of Fair Employment & Housing.

## THE PARTIES

4. At all times mentioned herein, Plaintiff Ramirez is an individual who worked at Defendant Costco in the City of Fullerton in Orange County, California.

5. At all times mentioned herein, Defendant Costco is a Washington Corporation doing business in Orange County, California.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant named herein as Does 1 through 5, inclusive, are unknown to Plaintiff, which therefore sues said Defendant by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendant designated herein as a Doe is legally responsible in some manner for the acts, omissions and events alleged herein and proximately caused damages and injury to Plaintiff as herein alleged. Plaintiff will seek leave to amend this complaint to show the true names and capacities of such fictitiously named Defendant when they have been ascertained.

## GENERAL ALLEGATIONS

7. Defendant operates a chain of membership-only big box retail stores it refers to as warehouse clubs. Defendant hired Plaintiff Ramirez in 2017 as a non-exempt employee. She worked at the Fullerton, California location at all relevant times throughout this Complaint.

8. In 2022, Plaintiff discovered that she was pregnant. By April 2022, Plaintiff requested accommodations and submitted to Defendant, her doctor's notes regarding work limitations during the pregnancy. The notes did not indicate Plaintiff was disabled or otherwise unable to work. Defendant did not provide any accommodation.

9. By May 2022, Plaintiff against requested modifications to her job duties based on her health care provider's medical advice. She requested a transfer to a different position if Defendant was unable to provide modifications to her duties. Plaintiff against provided her doctor's notes.

10. Defendant told Plaintiff she was disabled and that she needed to be placed on pregnancy leave and that Defendant would not move her to another position or allow modifications be made to her job. Plaintiff protested and told Defendant that she was not disabled and wanted to work as long as possible until she went on leave closer toward her due date in November 2022.

11. From May through October 2022, Plaintiff was involuntarily placed on unpaid despite being ready, willing and able to work for Defendant.

## FIRST CAUSE OF ACTION

**(FEHA - Pregnancy, Sex and Gender Discrimination – Government Code Section 12940(a))**

**(Plaintiff Against Defendant)**

12. Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

13. At all relevant times herein, Defendant was an entity covered by the Fair Employment and Housing Act – the "FEHA". At all relevant times, the FEHA makes it illegal to discriminate against an employee on the basis of the employee's sex, gender, or pregnancy related condition.

14. At all relevant times, Defendant employed Plaintiff. Defendant subjected Plaintiff to an adverse employment action when they refused to let her work and instead placed her involuntarily on unpaid leave.

15. Plaintiff's pregnancy, gender and sex were substantial motivating reasons for the discrimination.

16. Plaintiff was harmed and Defendant's conduct was a substantial factor in causing Plaintiff harm. Such harm includes lost wages and emotional distress experienced while working, humiliation, and mental pain and anguish all in an amount to be determined at trial according to proof.

17. Plaintiff also incurred and continues to incur attorney's fees and legal expenses in an amount to be determined.

18. Defendant's conduct described herein in was intended to cause injury to Plaintiff to send a message to other employees, especially female employees, that they would not receive any accommodations for pregnancy, even under doctor's orders of such accommodations, and to

discourage such employees from seeking protection under the FEHA. Defendant's conduct was willful and consciously disregarded Plaintiff's rights and subjected her to unjust hardship so as to constitute malic or oppression under California Civil Code Section 3294, thereby entitling Plaintiff to punitive and exemplary damages in an amount appropriate to punish or set an example of Defendant.

### SECOND CAUSE OF ACTION

**(FEHA –Pregnancy Discrimination – Government Code Section 12945)**

**(Plaintiff Against Defendant)**

19. Plaintiff realleges and incorporates by reference all the preceding paragraphs as though fully set forth herein.

20. Under Government Code Section 12945, it is unlawful for an employer to refuse to provide a reasonable accommodation for an employee for a condition related to pregnancy, childbirth, or a related medical condition, if the employee so requests with the advice of the employee's health care provider.

21. Here, Plaintiff requested reasonable accommodations and provided her doctor's note to the Defendant regarding the reasonable accommodations. However, Defendant denied the accommodations.

22. Additionally, if there is a policy or practice requiring or authorizing the transfer of a pregnant employee to a less strenuous position if the employee so requests, it is unlawful for the employer to refuse to do so. Here, Plaintiff requested a transfer but Defendant denied Plaintiff's request.

23. It is further unlawful for an employer to refuse to temporarily transfer a pregnant employee to a less strenuous position for the duration of the pregnancy if the employee so requests, with the advice of the employee's physician, where the transfer can be reasonably accommodated. Here, Plaintiff requested a temporary transfer with the advice of the physician, but Defendant denied Plaintiff's request. Instead, she was placed on unpaid leave.

24. Plaintiff was harmed and Defendant's conduct was a substantial factor in causing Plaintiff harm. Such harm includes lost wages, emotional distress experienced while working, humiliation, and mental pain and anguish all in an amount to be determined at trial according to proof.

25. Plaintiff also incurred and continues to incur attorney's fees and legal expenses in an amount to be determined.

26. Defendant's conduct described herein in was intended to cause injury to Plaintiff to send a message to other employees, especially female employees, that they would not receive any accommodations for pregnancy, even under doctor's orders of such accommodations, and to discourage such employees from seeking protection under the FEHA. Defendant's conduct was willful and consciously disregarded Plaintiff's rights and subjected her to unjust hardship so as to constitute malic or oppression under California Civil Code Section 3294, thereby entitling Plaintiff to punitive and exemplary damages in an amount appropriate to punish or set an example of Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For general and special damages according to proof but not less than $1,000,000;
2. For pre-judgment interest as permitted by law;
3. For attorney's fees under at least the following statutes: Government Code Section 12965(b); Code of Civil Procedure Section 1021.5;
4. For the costs of the suite herein;
5. For punitive and exemplary damages and
6. For such other and further relief as this Court may deem just and proper.

DATED: April 10, 2023                    SHALCHI BURCH LLP


By:   Travis J. Burch
        Travis J. Burch, Esq.
Attorneys for Plaintiff Jasmine Ramirez

- 5 -
**COMPLAINT**

Electronically Filed by Superior Court of California, County of Orange, 04/11/2023 10:59:32 AM.
30-2023-01318756-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Travis J. Burch, Esq. (SBN 216175) Shalchi Burch LLP, 23 Corporate Plaza Dr., Ste. 150, Newport Beach, CA, 92660 | |
| TELEPHONE NO.: (949) 359-0334    FAX NO. (Optional): (949) 326-0083 | |
| ATTORNEY FOR (Name): Plaintiff Jasmine Ramirez | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME: CENTRAL JUSTICE CENTER

**CASE NAME:**
Jasmine Ramirez v. Costco Wholesale Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2023-01318756-CU-OE-CJC JUDGE: Judge David J. Hesseltine DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Two
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 10, 2023

Travis J. Burch, Esq.
(TYPE OR PRINT NAME)                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT A, PAGE 10**

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

EXHIBIT A, PAGE 11

Electronically Filed by Superior Court of California, County of Orange, 04/11/2023 10:59:32 AM.
30-2023-01318756-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1 through 5, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASMINE RAMIREZ

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE-700 Civic Center Dr. W, Santa Ana, CA, 92702

CASE NUMBER:
*(Número del Caso):* 30-2023-01318756-CU-OE-CJC
Judge David J. Hesseltine

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Travis J. Burch, Esq./Shalchi Burch LLP/23 Corporate Plaza Dr., Ste. 150, Newport Beach, CA, 92660, (949) 359-0334

DATE: 04/11/2023  DAVID H. YAMASAKI, Clerk of the Court   Clerk, by _K. Climer_, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**EXHIBIT A, PAGE 12**